GUISEPPE NALLI, as Administrator, etc., of SILVESTER NALLI, Deceased, Respondent, *v.* JOHN PETERS and Another, Appellants.

Third Department, July 1, 1925.

Motor vehicles — action to recover for death of plaintiff's intestate — one defendant promised to take intestate on motor trip without consideration — said defendant asked other defendant as favor to take intestate — defendant making original promise not liable for negligence of defendant who carried intestate — relation of master and servant did not exist — trial — instructions — instruction erroneous which constrained jury to find verdict against driver of automobile.

. The owner of an automobile who promised to take plaintiff's intestate on a motor trip without consideration, and as a favor to him, is not liable for the death of plaintiff's intestate caused by the negligence of a third person who, at the request of the owner of the automobile and as a favor to him, carried the plaintiff's intestate in his own automobile, for the relationship of master and servant between the owner of the automobile who first promised to take the plaintiff's intestate and the owner who actually carried plaintiff's intestate did not exist, since the entire transaction between the two defendants was without consideration.

It was error for the court to instruct the jury after they had returned a verdict against the defendant who made the original promise and in favor of the defendant who was driving the automobile at the time of the accident that a verdict could not be returned against the former in the absence of a verdict against the latter, for their verdict against the driver of the automobile, therefore, was the product of restraint and not of an honest conviction that he was guilty of negilgence. .

APPEAL by the defendants, John Peters and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 15th day of November, 1924, upon the verdict of a jury for $15,000, reduced by consent to $10,000, and also from an order entered in said clerk's office on the 21st day of November, 1924, denying defendants' motion for a new trial made upon the minutes. ·

*Robert H. Woody* [*Strong & Golden* of counsel], for the appellants

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondent.

H. T. KELLOGG, J.:

The defendant Peters was a hotelkeeper at Rotterdam, N. Y. Silvester Nalli, whose death is the subject of this action, and Aurelio Spelta boarded at the hotel. Peters had told Nalli and Spelta that he would take them in his car to St. Johnsville to visit certain common friends. Peters could not go on the day appointed because his wife was ill. Accordingly he called up the defendant Mondrone and asked him if he would drive his car on the trip. He said to Mondrone: " Tony, will you do me a favor? Will you drive these people up to St. Johnsville for me tomorrow? " Mondrone consented. Peters told Mondrone to go to Amsterdam and get Guiseppe Nalli, a brother of Silvester, and then to proceed through Johnstown. The party started. Mondrone sat in the driver's seat with Silvester Nalli at his right. He drove the car to Amsterdam where he picked up Guiseppe Nalli. He was proceeding to Johnstown when the car swerved, made for a ditch at the roadside and turned over. Silvester Nalli died as the result of injuries received in the accident. There was evidence that the road was wet; that Mondrone was driving rapidly; that Mondrone suddenly applied the foot brake and the car skidded; that Mondrone was negligent. The jury found a verdict in favor of the plaintiff, on account of the death of Silvester Nalli, against the defendant Peters and the defendant Mondrone.

The car was not being driven by Mondrone under the immediate supervision of Peters since Peters was not present in the car. The act or omission of Mondrone, therefore, was not the act or omission of Peters, unless Mondrone was a servant and Peters was his master. " The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged." (*Wyllie* v. *Palmer*, 137 N. Y. 248, 257.) Peters had not contracted with Nalli and Spelta. He had merely volunteered to furnish an automobile trip for their pleasure and his own. Mondrone, therefore, .in driving the car, was satisfying no obligation of Peters. The relation of master and servant arises only through contract. (26 Cyc. 968.) There was no contract between Peters and Mondrone. Peters did not agree to pay Mondrone for driving the car. Mondrone was bound by no promise to serve Peters. He was asked by Peters, " Tony, will you do me a favor? " and he assented. His driving was a favor conferred by a friend, not a duty fulfilled by a servant. Peters told Mondrone the route to take. He did not tell him how fast or in what manner the car should be driven. In my judgment Mondrone was not a servant; Peters was not his master and was not liable.

The jury at first reported a verdict of $15,000 against Peters and a verdict of no cause of action against Mondrone. The court instructed them that there could be no verdict against Peters if there was no verdict against Mondrone and sent them to their rooms to consider the case further. The jury later reported a verdict of $10,000 against Peters and a verdict of $5,000 against Mondrone. Again, the court instructed them that they were in error and sent them back to reconsider. Finally they reported a verdict of $15,000 against both defendants. We think it clear that it was not the honest conviction of the jury that the defendant Mondrone was guilty of negligence; that the jurymen did not intelligently comprehend the principles of legal liability involved; that the final verdict was the product of constraint; that the verdict against Mondrone should not stand.

The judgment and order should be reversed, the complaint dismissed, with costs as against the defendant Peters, and a new trial granted as to the defendant Mondrone, with costs to abide the event.

All concur.

Judgment and order as against the defendant Peters reversed on the law and complaint dismissed, with costs; and as against the defendant Mondrone judgment and order reversed on the facts and new trial granted, with costs to appellant to abide the event.